# In the Iowa Supreme Court

No. 22–1625

Submitted February 18, 2025—Filed April 4, 2025

**Krystal Wagner,** individually and as administrator of the **Estate of Shane Jensen,**

Appellant,

vs.

**State of Iowa** and **William L. Spece,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe, judge.

The plaintiff in a wrongful death suit appeals the grant of summary judgment to the defendants. **Decision of Court of Appeals and District Court Judgment Affirmed.**

Per curiam.

David A. O'Brien (argued) of Dave O'Brien Law, Cedar Rapids, and Nathan Borland and Brooke Timmer of Timmer, Judkins & Borland, P.L.L.C., West Des Moines, for appellant.

Brenna Bird, Attorney General; Patrick C. Valencia (argued), Deputy Solicitor General; Jeffrey C. Peterzalek, Assistant Attorney General; and Tessa M. Register (until withdrawal), Assistant Solicitor General, for appellees.

**Per Curiam.**

This is a wrongful death suit against the State of Iowa and one of its employees. The district court granted summary judgment for the defendants, the court of appeals affirmed, and we granted further review. Following our review, we decline to reverse the lower courts. The viability of the plaintiff's suit depends primarily on the viability of her *Godfrey* claims. But in recent cases we have repeatedly concluded that *Godfrey* claims are not viable. We reach the same conclusion here. And we do not find other grounds for reversal. So we affirm.

**I. Factual and Procedural Background.**

**A. The Incident.** On the morning of November 11, 2017, an all-points bulletin was issued to law enforcement concerning a nineteen-year-old named Shane Jensen. Jensen suffered from mental health problems. He was suspected of stealing a truck and he was believed to possess a 9 mm handgun. The last section of the bulletin stated: "Shane Jensen should be considered armed and dangerous and has informed law enforcement last night that he is suicidal and has been talking of suicide by cop." (Capitalization altered.)

Later that morning, Jensen's mother, Krystal Wagner, called local law enforcement. During the call, Wagner stated:

> I do believe he still has the gun and his plan is to die today, he says. . . . But he does want a shootout and I -- I told [a deputy] that I don't know, 3:30 or 4 o'clock this morning, he does want a shootout and he intends to fire so that you guys have to fire back . . . .

A team of law enforcement officers searched for Jensen. The team consisted of local officers and an Iowa Department of Natural Resources officer named William Spece.

The team located Jensen in the backyard of a residential home. A stand-off ensued. Jensen refused orders to drop his handgun. Instead, Jensen told the

officers, "You're going to have to take me out and put me down." Then he swung the gun around and fired it in the air.

Seconds later, Spece believed Jensen was pointing the gun toward the officers and that Jensen was going to shoot at them. Spece fired a single round at Jensen. Jensen died of his injuries.

**B. The Litigation.** As will be explained, two lawsuits arose from Jensen's death: one in federal court and one in state court. Only the state court case is before us in this appeal. But the federal case was filed first and is relevant to our resolution of this appeal. So we begin with it.

1. *The federal case begins.* In February 2019, Wagner filed suit against Spece and the State in federal district court. *Wagner v. Iowa*, No. 19–CV–3007, 2019 WL 13551548, at *1–2 (N.D. Iowa July 29, 2019). Wagner's federal suit involved three kinds of claims: (1) claims under the United States Constitution through 42 U.S.C. § 1983, (2) Iowa common law claims for negligent wrongful death and loss of consortium, and (3) Iowa constitutional claims known as "*Godfrey* claims." *Id.* The term "*Godfrey* claim" refers to our 2017 *Godfrey v. State* decision, in which four justices recognized certain tort claims under the Iowa Constitution. 898 N.W.2d 844, 871–72 (Iowa 2017) (plurality opinion), *overruled by Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023); *id.* at 880 (Cady, C.J., concurring in part and dissenting in part).

The defendants moved to dismiss on several grounds. *Wagner*, 2019 WL 13551548, at *3. The court granted the motion in part by dismissing Wagner's claims against the State as well as those against Spece in his official capacity, all on Eleventh Amendment grounds. *Id.* at *4–9. But the court denied the defendants' motion as to Wagner's section 1983 claims against Spece in his individual capacity. *Id.* at *5.

As for Wagner's *Godfrey* claims, the court held the defendants' motion in abeyance. *Id.* at *9–14. The court believed that the defendants' motion raised novel state law issues concerning the applicability of the Iowa Tort Claims Act to *Godfrey* claims. *Id.* The court believed those novel state law issues were "best left to the Iowa Supreme Court." *Id.* at *13. So the court presented the issues to our court in the form of certified questions. *Id.* at *13–14; *see also* Iowa Code § 684A.1 (2019); Iowa R. App. P. 6.301–04.

2. *This state case begins.* In early October 2019—while the federal court's certified questions were pending before our court—Wagner filed this separate suit in the Iowa district court. As in her federal case, Wagner named both Spece and the State as defendants. And Wagner's state court petition brought the same kinds of claims as her federal complaint: section 1983 claims under the United States Constitution, *Godfrey* claims under the Iowa Constitution, and Iowa common law claims for negligent wrongful death and loss of consortium.

In late October, the parties filed a joint motion to stay the state case because the parties were "involved in litigation over the exact same claim[s] in" federal court. The parties believed that further litigation should be postponed until the certified questions were answered. The Iowa district court agreed and stayed the case pending our resolution of those questions.

3. *Answers to the certified questions.* In December 2020, our court answered the certified questions. *Wagner v. State*, 952 N.W.2d 843, 847 (Iowa 2020).

Here are the four certified questions and the answers we provided:

| Question. | Answer. |
|---|---|
| "[1]. Does the Iowa Tort Claims Act, Iowa Code Chapter 669, apply to plaintiffs' [state] constitutional tort causes of action?" | "Yes, as to the procedural requirements of that Act." |
| "[2]. Is the available remedy under the Iowa Tort Claims Act for excessive force by a law enforcement officer inadequate based on the unavailability of punitive damages? And if not, what considerations should courts address in determining whether legislative remedies for excessive force are adequate?" | "No." |
| "[3]. Are plaintiffs' claims under the Iowa Constitution subject to the administrative exhaustion requirement in Iowa Code section 669.5(1)?" | "Yes." |
| "[4]. Are plaintiffs required to bring their Iowa constitutional claims in the appropriate Iowa district court under Iowa Code section 669.4?" | "Yes." |

*Id.* (alterations in original). We also provided a lengthy opinion explaining our rationale for these answers. *Id.* at 851–65.

4. *The federal case continues—and ends.* Based on our answers to the certified questions, the federal court concluded that Wagner's *Godfrey* claims could only proceed in state court. *Wagner v. Iowa*, No. 19–CV–3007, 2021 WL 521309, at *2 (N.D. Iowa Feb. 11, 2021). So the federal court dismissed those claims for lack of jurisdiction. *Id.* That dismissal order was issued in February 2021. *Id.* at *3. After that, the only claims remaining in federal court were Wagner's section 1983 claims against Spece in his individual capacity. *Id.*

Those remaining claims did not proceed to judgment. In November 2021, Spece moved for summary judgment as to those claims. Wagner filed no

resistance. Instead, the parties stipulated to dismissal of those claims without prejudice. That ended the federal case.

5. *The remaining state court action.* Now we return to the state court action, which is before us in this appeal. And we turn the clock back to February 2021, when the case was still before the Iowa district court. Soon after the certified questions were answered, the court lifted its stay at Wagner's request. Wagner also filed an amended petition. It included almost all of the same claims that Wagner had pleaded in her first petition. The only exception is that the amended petition did not include federal claims.

To recap, then, as of February 2021, Wagner's claims in this case were as follows:

| Count I | *Godfrey* claim for excessive force. |
| Count II | *Godfrey* claim for violation of substantive due process. |
| Count III | *Godfrey* claim only against the State for wrongful hire/failure to train. |
| Count IV | Negligent wrongful death under Iowa common law. |
| Count V | Loss of consortium. |

6. *The summary judgment proceedings.* In July 2022, Wagner moved for summary judgment as to liability. She claimed Spece's shooting of Jensen was objectively unreasonable as a matter of law.

The defendants responded with their own cross-motion for summary judgment, which sought dismissal of all of Wagner's claims. To summarize, the defendants argued that (1) any federal claims under section 1983 cannot proceed against the State or Spece in his official capacity, (2) Spece's use of force was objectively reasonable, (3) Spece enjoys qualified immunity, (4) Wagner's common law claim is barred by sovereign immunity, and (5) Wagner's loss of

consortium claim and her *Godfrey* wrongful hire/failure to train claim both fail because they are derivative of Wagner's other claims.

In her resistance to the defendants' motion, Wagner emphasized that she "does not assert any federal constitutional claims" in this state court action. Wagner also conceded that her *Godfrey* wrongful hire/failure to train claim (count III) and her common law wrongful-death claim (count IV) should be dismissed. Wagner explained that these "claims . . . are duplicative of the [other] constitution[al] claims and Wagner does not resist the Defendants['] summary judgement motion on those counts." But Wagner maintained that her *Godfrey* claims for excessive force (count I) and substantive due process (count II) were viable and should proceed.[1]

The district court granted the defendants' motion and denied Wagner's. In the court's view, the undisputed evidence showed that Spece's use of deadly force was objectively reasonable. Therefore, the defendants were entitled to summary judgment on the excessive force claim (count I) and the substantive due process claim (count II). As for counts III and IV, the court granted summary judgment to the defendants based on Wagner's concession that she did not resist summary judgment. Finally, the court found that Wagner's loss of consortium claim (count V) fails because it is derivative of her other claims, none of which survived summary judgment.

Wagner then filed this appeal.

7. *The appellate process.* In her appellant's brief, Wagner argued that fact issues should have precluded summary judgment on her *Godfrey* claims for excessive force and substantive due process. Meanwhile, the defendants argued that summary judgment was correctly granted.

---

[1]Wagner's resistance did not address her loss of consortium claim (count V).

Briefing was finished by February 2023. But then, on May 5, we issued our decision in *Burnett v. Smith*, 990 N.W.2d 289. *Burnett* overruled *Godfrey. Id.* at 307.

About a month later, our court transferred this case to the court of appeals. On June 9, the court of appeals set the matter for nonoral submission.

Then, on June 14, Wagner filed a motion to reopen briefing so that the parties could address the "impact of *Burnett* on th[e] case." The defendants resisted, but the court of appeals permitted limited supplemental briefing.

Wagner's supplemental briefs raised two main points. On the one hand, Wagner argued that *Burnett* should not be applied retroactively to her case and, therefore, her *Godfrey* claims should be treated as viable. On the other hand, Wagner argued that if she can't pursue *Godfrey* claims, then her *Godfrey* excessive force claim should be viewed as a common law assault claim and evaluated on its merits. The defendants disagreed.

8. *The court of appeals decision.* The court of appeals affirmed the district court's dismissal. The court concluded that Wagner's constitutional tort claims could not proceed in light of *Burnett.* And the court concluded that Wagner's common law claims had been waived.

Wagner applied for further review. We granted her application.

**II. Merits.**

When we grant further review, we have discretion as to which issues we will address. We choose to focus on issues raised in Wagner's application, which generally fall into three categories: (1) Can she pursue *Godfrey* claims? (2) Can she pursue common law claims? And (3) assuming we can reach the merits of any claim, was the district court right to grant summary judgment? We focus mainly on the first two questions, which we conclude are dispositive.

**A. *Godfrey* claims.** We start with Wagner's core argument that the court of appeals should have allowed her to pursue *Godfrey* claims even though we overruled *Godfrey* through *Burnett*. We reject this argument. Since *Burnett*, we have regularly held that *Godfrey* claims cannot proceed. We do the same here.

We have considered all of Wagner's counterarguments. For instance, we've considered Wagner's argument that *Thorington v. Scott County* required the court of appeals to remand so the district court could apply *Burnett* in the first instance. *Thorington*, No. 22–1194, 2024 WL 874182, at *1 (Iowa Mar. 1, 2024) (per curiam). But we believe *Thorington* should be distinguished.

*Thorington* involved a wrongful death suit against a county and a deputy sheriff. *Id.* The plaintiff brought both common law claims and *Godfrey* claims. *Id.* The defendants moved for summary judgment. *Id.* They argued that Iowa's qualified immunity statute, Iowa Code section 670.4A (2022), required dismissal. *Id.* The district court granted the motion as to some claims but denied the motion as to a *Godfrey* claim and a related loss of consortium claim. The defendants then pursued an interlocutory appeal as of right under Iowa Code section 670.4A(4), which makes any district court decision denying qualified immunity "immediately appealable." *Id.* (quoting Iowa Code § 670.4A(4)).

We found no error in the district court's resolution of the defendants' qualified immunity arguments. *Id.* So the natural outcome of the appeal would have been to remand for further proceedings on the plaintiff's remaining claims. But *Burnett* was decided while the appeal was pending. This presented the question of whether we should apply *Burnett* in the first instance or, instead, allow the district court to apply it on remand. We asked the parties to provide supplemental briefing on that issue. *Id.* The plaintiff's brief argued that we should remand the *Burnett* issue, in part because the case was only before us

on interlocutory appeal, not on an appeal from a final decision. *Id.* We agreed and remanded for the district court to apply *Burnett* in the first instance. *Id.*

This appeal is different from *Thorington.* *Thorington* involved an interlocutory appeal in a case that would "continue in district court" following remand. *Norris v. Paulson,* No. 23–0217, 2024 WL 4469203, at *2 (Iowa Oct. 11, 2024) (per curiam) (discussing *Thorington*). Here, however, we are faced with an appeal from a final order. And we have repeatedly applied *Burnett* in pending appeals from final orders. *See Venckus v. City of Iowa City,* 990 N.W.2d 800, 812 (Iowa 2023); *Carter v. State,* No. 21–0909, 2023 WL 3397451, at *1 (Iowa May 12, 2023) (per curiam).

Moreover, we note that the supplemental briefing in this case was different from that in *Thorington.* In *Thorington,* we asked the parties for supplemental briefing, and then the plaintiff's supplemental brief asked us to remand so that the district court could apply *Burnett. Thorington,* 2024 WL 874182, at *1. Here, however, Wagner requested supplemental briefing while the case was before the court of appeals. And in her supplemental brief, Wagner asked *the court of appeals* to consider *Burnett* and decide how it should be applied. Given this posture, we cannot fault the court of appeals for considering *Burnett* and deciding how it should be applied.

We have also considered Wagner's various arguments that she had a vested right under due process or otherwise to bring *Godfrey* claims even though we have now concluded that *Godfrey* claims are invalid. We disagree. To begin, we think Wagner puts too much weight on *Thorp v. Casey's General Stores, Inc.,* where we held that a plaintiff could have a due process right in a *statutory* cause of action. 446 N.W.2d 457, 463 (Iowa 1989). Wagner does not cite, and we have not found, any authorities suggesting that parties have vested rights in causes

of action created by judicial opinions like *Godfrey*. Federal law is clear that a plaintiff "has no property, no vested interest, in any rule of the common law." *Valdivia v. Porsch*, 718 F. Supp. 3d 919, 927–28 (S.D. Iowa 2024) (quoting *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 88 n.32 (1978)), *appeal docketed*, No. 24–1668 (8th Cir. Mar. 28, 2024). And we see no grounds for a different rule under Iowa law, especially in the present context. *Burnett* concluded that *Godfrey* claims are not consistent with our constitution. 990 N.W.2d at 290. Wagner can have no valid interest in claims that are inconsistent with our constitution. *See* Iowa Const. art. XII, § 1 ("This Constitution shall be the supreme law of the State, and any law inconsistent therewith, shall be void.").

But Wagner suggests that a different rule should apply here because of our answers to the certified questions from the federal court. Because those answers assured her that her *Godfrey* claims were valid, Wagner argues, it is impermissible for us to say those claims are invalid now.

We disagree. For one thing, because none of the certified questions challenged the validity of *Godfrey*, our answers did not resolve such a challenge. Rather, because all of the certified questions *assumed Godfrey*'s ongoing validity, we operated under the same *assumption*.

Moreover, even if we read our answers as affirming *Godfrey*'s validity *at that time*, they could not have locked our constitutional law in amber. They could not have prevented us from later determining that *Godfrey* claims are inconsistent with our constitution—as we ultimately did in *Burnett*. And they could not have prevented the defendants from challenging the validity of *Godfrey* claims in this state court case—as they ultimately have.

Because *Godfrey* claims are no longer valid under Iowa law, we affirm the district court's dismissal of the *Godfrey* claims.

**B. Common Law Claims.** Wagner also claims that she should now be allowed to pursue common law claims. We disagree. In the district court, the defendants sought summary judgment on those claims under sovereign immunity as modified by Iowa Code section 669.14(4) (2019). Wagner chose not to resist summary judgment. Instead, she agreed that summary judgment should be entered as to her common law claims. We find no error in the district court's grant of summary judgment on that basis.

We recognize Wagner's argument that she would not have agreed to summary judgment as to her common law claims if she had known that *Godfrey* would be overruled. As explained, though, Wagner had no enforceable reliance interest in *Godfrey*. Indeed, as a general matter, we think the bar would not have found it surprising that the *Godfrey* decision—which was controversial even among the justices on the *Godfrey* court—would be subject to challenges or that those challenges could be successful. *See Lennette v. State*, 975 N.W.2d 380, 402 (Iowa 2022) (McDonald, J., concurring) ("As explained in the dissenting opinion in *Godfrey*, this court's creation of a constitutional tort was contrary to the text of the constitution and was not supported by precedent, custom, or tradition. *See* 898 N.W.2d at 881–99 [(Mansfield, J., dissenting)]. *Godfrey* was demonstrably erroneous, and this court should overrule it.")

In any event, following our review of the record and the law, we conclude that even if Wagner had not waived her common law claims, those claims still could not have prevailed on the merits. For all of these reasons, we affirm the district court's dismissal of Wagner's common law claims.

**III. Disposition.**

The district court was correct to grant summary judgment in the defendants' favor. The court of appeals was correct to affirm the judgment of the district court.

**Decision of Court of Appeals and District Court Judgment Affirmed.**

This opinion shall not be published.